**E-filed 11/17/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC GUMMER, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>AMERICAN CHOICE VAN LINES, LLC,<br><br>            Defendant. | Case No. 3:11-cv-00808-SC<br><br>ORDER[1] GRANTING MOTION TO DISMISS, IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT LEAVE TO AMEND |

   This action arises out of Plaintiffs' decision to hire Defendant to ship their household goods from Gilroy, California, to Scottsdale, Arizona.  Plaintiffs assert six claims under California law and a seventh claim under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.  Defendant argues that the state law claims are subject to dismissal under Fed. R. Civ. P. 12(b)(6) because they are preempted by the Carmack Amendment.  The Court has considered the moving and opposing papers as well as the oral argument presented at the hearing on June 10, 2011.  For the reasons discussed below, the motion will be granted, in part with leave to amend and in part without leave to amend.

---

[1] This order is not designated for publication in the official reports.

## I. BACKGROUND

Plaintiffs filed the instant action in the Santa Clara Superior Court on January 6, 2011, alleging the following: In June, 2010, Plaintiffs decided to move from their rental home in Gilroy, California, to a home in Scottsdale, Arizona. Complt. ¶ 5. Plaintiffs planned to move out of the Gilroy home and store their furniture and personal belongings for one or two months until the Scottsdale home was ready. *Id*. They researched several moving companies, including Defendant. *Id*. ¶¶ 6-7. They selected Defendant in large part because of representations on Defendant's website that customers' goods could be stored in a "state of the art, climate controlled storage facility" that was "monitored by video and audio security." *Id*. ¶¶ 9-10. On June 8, 2010, Plaintiff Eric Gummer met with Vladmir, an employee of Defendant, who also represented that Defendant had a state-of-the-art facility and who offered Plaintiffs one month of free storage there. *Id*. ¶ 11. Plaintiffs relied upon the website and upon Vladmir's oral representations in choosing to contract with Defendant. *Id*. ¶ 13.

Defendant loaded Plaintiffs' household goods on June 10, 2010. *Id*. ¶ 14. It was Plaintiffs' understanding that their property would be moved immediately to Defendant's state-of-the-art storage facility. *Id*. ¶ 17. Instead, Plaintiffs' property was unloaded into a warehouse in San Jose, California, in which Defendant and several other industrial tenants rented space. *Id*. ¶ 18. The warehouse was neither state-of-the-art nor climate-controlled, nor was it equipped with any surveillance equipment, sprinkler system, or fire alarm. *Id*. On July 3, 2011, a fire broke out in the warehouse and destroyed all of Plaintiffs' stored household goods. *Id*. ¶ 19. Plaintiffs assert claims for: (1) intentional misrepresentation; (2) fraudulent concealment; (3) negligent misrepresentation; (4) unfair business practices; (5) false advertising; (6) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1770; and (7) damages under the Carmack Amendment. On February 23, 2011, Defendant removed the action to this Court on the basis that it presents a federal question.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. "Dismissal can be based on the lack of a cognizable

legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

However, mere conclusions couched in factual allegations are not sufficient to state a claim for relief. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. " *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

### III. DISCUSSION

"The Carmack Amendment is a federal statute that provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property." *White v. Mayflower Transit, LLC*, 543 F.3d 581, 584 (9th Cir. 2008); *see also Smallwood v. Allied Van Lines, Inc.*, — F.3d —, No. 09-56714, 2011 WL 4927404, at *3 (9th Cir. Oct. 18, 2011). The Amendment constitutes a complete defense to common law claims against interstate carriers for negligence, fraud and conversion." *White*, 543 F.3d at 584; *see also Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 689 (9th Cir. 2007). It also "preempts a claim for intentional infliction of emotional distress to the extent that it arises from the same conduct as the claims for delay, loss or damage to shipped property." *White*, 543 F.3d at 586.

In light of this unambiguous authority, the Court concludes that Plaintiffs' first, second and third claims, all of which are grounded in common law fraud, are subject to dismissal.

Plaintiffs argue that the claims are not preempted because they do not seek damages for loss of their goods but rather rescission of the shipping contract based upon a theory of fraudulent inducement.[2] They contend that if the contract were rescinded, the Carmack Amendment would not be implicated because in effect there never was an interstate shipping contract. While this creative argument has some facial appeal, there appears to be no reported case in which a court has applied such an approach. To the contrary, rescission has been rejected expressly by at least one district court. *See Visram v. Darryl Flood Warehouse & Movers, Inc.*, No. Civ.A. H-05-0469, 2006 WL 305802, at *1-2 (S.D. Tex. Feb. 8, 2006) (dismissing plaintiffs' argument "that their fraudulent inducement claim, if successful, will void the transportation agreement and, therefore, render the Carmack Amendment inapplicable"). Moreover, a number of courts have concluded that the broad preemptive effect of the Carmack Amendment precludes tort claims relating to events that occurred prior to or after shipment of goods. *See, e.g.*, *Pietro Culotta Grapes Ltd. v. Southern Pacific Transportation Co.*, 917 F. Supp. 713, 716 (E.D. Cal. 1996) (collecting cases).

Plaintiffs' fourth, fifth, and sixth claims present a closer question. Those claims, which assert unfair business practices, false advertising, and violation of California's Consumer Legal Remedies Act, focus on Defendant's allegedly misleading advertising regarding its state-of-the-art storage facilities. On their face, the claims are less dependent upon the shipping contract itself than are the fraud claims discussed above. While several courts have held that state law unfair competition claims and consumer protection act claims also are preempted by the Carmack Amendment, *see Miracle of Life, LLC v. North American Van Lines, Inc.*, 368 F. Supp. 2d 494, 498 (D.S.C. 2005) (collecting cases), the Ninth Circuit has not addressed the question expressly. Plaintiffs argue that the claims in question do not conflict with the Carmack Amendment's

---

[2] Plaintiffs also seek the equitable remedy of restitution. Restitution is defined as "restoration of the status quo by the awarding of an amount which would put plaintiff in as good a position as he would have been if no contract had been made and restores to plaintiff the value of what he parted with in performing the contract." *People v. Martinson*, 188 Cal. App. 3d 894, 900 (1986) (internal quotation marks and citation omitted). Under the circumstances of this case, it is unclear how an award of restitution would differ meaningfully from an award of money damages, as both types of recovery would turn on the value of the destroyed goods.

4

uniform regulation of damages in interstate shipping contracts, because the state statutes at issue do not provide for money damages but only for injunctive relief and restitution. It is unclear whether Plaintiffs have Article III standing to pursue injunctive relief against Defendant, because Plaintiffs are not in danger of being misled in the future. *See Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021-22 (9th Cir. 2004). Nor, as discussed above, does the Court perceive how an award of restitution in this particular case would differ meaningfully from an award of money damages. Accordingly, the fourth, fifth, and sixth claims also will be dismissed. However, because the law appears to be less settled with respect to these types of claims, leave to amend will be granted. If Plaintiffs choose to amend their claims, they should clarify the basis of their requests for injunctive relief and restitution in light of the foregoing discussion.

Nothing in this order precludes Plaintiffs from raising fraud in the inducement as a defense to enforcement of contractual provisions limiting Defendant's liability for the destroyed goods.

### IV. ORDER

(1) The motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to claims 1, 2 and 3;

(2) The motion to dismiss is GRANTED WITH LEAVE TO AMEND as to claims 4, 5, and 6; and

(3) Any amended pleading shall be filed within twenty (20) days of the date of this order.

Dated: 11/17/2011

_____
JEREMY FOGEL
United States District Judge